This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38850

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**NICOLE YAZZIE,**

     Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Felicia R. Blea-Rivera, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    Defendant appeals to us directly from the metropolitan court's on-record proceedings, in which Defendant was found guilty of DWI. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}**    On appeal, Defendant contends that the anonymous tip given in-person to the officer did not supply the officer with reasonable suspicion to conduct the traffic stop of

Defendant. [DS 3; MIO 2-4] Our notice proposed to disagree with Defendant that the information provided by the tip was overly vague and did not allege a crime. We observed that our case law holds that a concerned motorist's contemporaneous tip to police, alone, can supply the reasonable suspicion needed to conduct an investigatory stop where the motorist witnessed the erratic driving and the information was detailed enough for the officers to find the vehicle and confirm the description. [CN 2] *See State v. Contreras*, 2003-NMCA-129, ¶¶ 9, 21, 134 N.M. 503, 79 P.3d 1111. We reasoned that "[i]n New Mexico a citizen-informant is regarded as more reliable than a police informant or a crime-stoppers informant," *id.* ¶ 10, a reliability we stated is heightened where the citizen personally observes the information provided, *id.* ¶ 12. [CN 2]

{3}     Our review of the record suggested that the officer was flagged down by a fellow motorist, who reported that a blue 2015 Scion with an Arizona license plate reading "T6419" had almost collided with the motorist's vehicle at the intersection of Montgomery and Carlisle. [RP 1, 37; CN 3] The officer located the vehicle fitting that description and conducted a traffic stop. [RP 37; CN 3] We also noted that the manner in which the concerned motorist provided the tip added another layer of reliability, given that it was contemporaneous, urgent, and in person. [CN 3]

{4}     In her response to our notice, Defendant asserts trial counsel believes that the evidence presented at the hearing indicated that the tipster did not tell the officer the license plate number and conveyed to the officer the fact that the license on the blue Scion was from Arizona. [MIO 1, 4] Even assuming this is true, it does not alter the proposed analysis in our notice. We remain persuaded that viewing the totality of the circumstances surrounding the tip regarding dangerous driving—including the information provided, the manner in which it was provided, and the apparent ease and quickness with which the officer located the vehicle described—the stop of Defendant's vehicle was lawful and reasonable. *See id.* ¶ 5 (explaining that as with all inquiries into an officer's reasonable suspicion of criminal activity, courts view the totality of the circumstances surrounding an anonymous tip of dangerous or erratic driving).

{5}     For the reasons set forth in the notice and this opinion, we affirm the metropolitan court's denial of Defendant's motion to suppress.

{6}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**